[Civ. No. 3095. Second Appellate District, Division One.—May 8, 1920.]

## WILLIAM P. BOLAND, Respondent, v. STANLEY W. SMITH et al., Appellants.

[1] CONTRACTS—PURCHASE OF AUTOMOBILE—ACTION FOR RESCISSION—TIME OF DELIVERY—PAROL TESTIMONY.—In an action to enforce rescission of a contract for the purchase of an automobile which does not fix the date of delivery, it merely being stated in the contract that delivery is to be made "on or about out of first shipment of this model," nothing therein being shown as to whether the shipment of automobiles had already been ordered or as to when such shipment would be made, it is proper for the court to receive testimony touching the representations and statements made by the vendors on the subject of delivery.

[2] ID.—REJECTION OF TESTIMONY—INCOMPLETE RECORD ON APPEAL—PRESUMPTION IN FAVOR OF RULING.—Where the record on appeal in such action shows that the trial court refused to permit the defendants to introduce testimony in support of the allegations of their cross-complaint concerning a prior transaction, on the ground that the condition of the evidence was such that they were not entitled to introduce any evidence whatever regarding such former transaction, but such record does not contain all the testimony heard at the trial, it must be presumed that the condition of the case was such as to support the ruling.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

Leo V. Youngworth and Harry J. McClean for Appellants.

J. Wiseman Macdonald for Respondent.

JAMES, J.—Carlin G. Smith brought this action to enforce rescission of a contract for the purchase of an automobile. Judgment was awarded in accordance with the prayer of the complaint, and defendants appeal. (After judgment there was a substitution of parties plaintiff by reason of an assignment made by plaintiff Carlin G. Smith to Boland.)

On June 12, 1912, plaintiff Smith negotiated with defendant Stanley W. Smith and C. F. Smith, since deceased, for the purchase of an automobile, and on that date paid a deposit of five hundred dollars. A written contract in the form of a memorandum order was drawn up and signed by the purchaser and the vendors. The automobile was not at the time in the hands of the vendors ready for delivery, but was to be shipped from the factory at an eastern point, and the written contract provided that the delivery was to be made "on or about out of first shipment of this model." The signature of the plaintiff first appeared attached to the order, and over the signature of the vendors was the following clause: "We agree to fulfill all the terms and conditions of this order, subject to delay resulting from fires, strikes, action of elements, and other circumstances beyond our control." No delivery of the car having been made, on the 25th of November, 1912, the plaintiff served a written notice of rescission upon the vendors and demanded the return to him of the five hundred dollars deposited. The court, in its findings of fact, recited that defendants had represented to plaintiff that they had several shipments of models of the kind of car desired coming and that the first shipment would reach Los Angeles on or about the first day of July; that the defendants failed to make delivery of the car on July 1st, but stated to plaintiff that shipment had been delayed and that the car would be shortly delivered, and at various times between July 1st and October 17, 1912, the vendors represented and stated that shipment of said car would shortly be made; that on the seventeenth day of October the vendors specifically promised and agreed to make delivery of the car not later than three weeks from that date, to wit, not later than November 17, 1912; that the vendors received a shipment of the model of the car contracted to be delivered on or about the twenty-fifth day of December, and on the 26th of that month notified the plaintiff of the receipt of the car and offered to make delivery thereof. The court further found "that defendants have wholly refused and failed to make delivery of any car under the terms of their contract with the plaintiff within a reasonable time, and have failed and refused to return to plaintiff the sum of five hundred dollars."

[1] One of the contentions of the appellants here is that the court erred in admitting the oral testimony of the plaintiff touching the time that it was understood the automobile would be delivered, the claim being that the effect of such testimony was to vary the terms of the written contract. The testimony referred to was given by the plaintiff and, as set forth in the bill of exceptions, is as follows: "I had a conversation at the time the contract was made regarding the time of delivery. Mr. Smith said he would deliver the car between the first and fifteenth of July, that year. I had a further conversation with Mr. Smith, of Smith Brothers, in August of 1912. I called on Mr. Smith and asked him when I was to get my car; and he said, 'We expect it any day.' I went in his place every once in a while to find out when he was to make delivery. On August 17th he called at my office to collect a bill for repairs. I said: 'When am I going to get my car?' He said, 'You will get your car within two weeks.' I called in two men, Mr. Sadler, who was in my office, and Mr. Rending, and asked them to listen to the conversation. I said, 'Clarence, you promised me delivery within two weeks.' He said, 'You will get your car within two weeks.' I said, 'I will give you three weeks; if I don't get my car within three weeks, I want my money.' He said, 'You will have the car or your money,' and he left and walked out. I made a memoranda of that conversation on the contract that he had signed and given to me. The car was not delivered on November 7th. I signed a notice of rescission, which was served on Mr. Smith."

Section 1860 of the Code of Civil Procedure provides: "For the proper construction of an instrument, the circumstances under which it was made, including the situation of the subject of the instrument, and of the parties to it, may also be shown, so that the judge be placed in the position of those whose language he is to interpret." We think that the testimony was competent to explain the conditions, in view of the fact that no date of delivery was fixed in the written contract and nothing therein was shown as to whether the shipment of automobiles had already been ordered or as to when such shipment would be made. In our opinion, under the terms of the contract, it should be said that the obligation of the vendors was to have delivery

made of the car within a reasonable time. What would amount to a reasonable time for shipment from the east and receipt in Los Angeles, would depend upon conditions within the knowledge of the vendors, and for that reason we think it was proper for the court to receive testimony touching the representations and statements made by the vendors on the subject of delivery. While in the plaintiff's testimony conversations were shown between the plaintiff and one of the vendors, which conversations occurred subsequent to the making of the contract, those conversations were not relied upon by the trial judge as fixing a new and definite date upon which the automobile was agreed to be delivered, but only as showing the continuing conditions as to the nondelivery and the explanations made by the vendors in attempted excuse of the same, all of which was competent as going to the question as to whether at the time the plaintiff gave notice of rescission there had been an unreasonable delay on the part of the vendors in the delivery of the automobile. The court directly determined that the delay was unreasonable and, upon the evidence shown, we think that that conclusion was justified.

[2] A second contention of the appellants relates to the matter of another transaction had between the parties prior to the making of the particular contract here involved. In a cross-complaint defendants alleged facts concerning the prior transaction under which it seems the plaintiff had first bargained for a different automobile, which he received, and that he later returned the automobile, with the consent of the defendants, and forfeited some money which he had paid thereon. In the findings of the trial court it is determined that the transaction last referred to was distinct and separate from that sued upon by the plaintiff, and that the rescission of the former contract was not, as defendant asserted, a part of the consideration for the making of the contract to enforce rescission of which this action was brought. Appellants contend that the court refused to admit testimony offered by them in support of matters contained in the cross-complaint. We are unable to determine from the bill of exceptions as to what testimony was offered to that point. The bill of exceptions does not purport to contain all of the testimony heard at the trial. As to the offered testimony we find in the record, among the specifica-

tions, this statement: "In reply to defendants' offer to prove the facts of the prior transaction as pleaded in the cross-complaint the court said: 'I just want the records to show that you started to prove other considerations for this contract not stated therein relative to the matter pleaded in the cross-complaint, and the court refused to hear it on the ground that as the evidence stands at this time you are not entitled to introduce any evidence whatever regarding the former transaction between these parties. In other words, that the court confines you to mutual obligations created by the written contract pleaded by you on the ordering of this car.'" As to how the evidence stood, as the court phrased it, at the time the judge made that statement, we are not enlightened. We can assume that such a showing had been made as would have justified the ruling as expressed by the judge, and that being true, we must presume that the condition of the case in its evidence was such as to support the ruling.

No other points are presented which require consideration or discussion.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.